# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JEFFREY D. LEISER,

    Plaintiff,

v.                                                  Case No. 19-CV-677

DAVID TARR, *et al.*,

    Defendants.

# ORDER

On July 1, 2019, the court screened plaintiff Jeffrey Leiser's complaint and allowed him to proceed against defendants David Tarr and Larry Fuchs on a retaliation claim. (ECF No. 8.) The court did not allow him to proceed with claims alleging conspiracy and that he was denied access to the courts, finding that his allegations were insufficient to support such claims. On July 16, 2019, Leiser filed a motion for reconsideration of the screening order. (ECF No. 18.) That same day, Tarr and Fuchs moved for summary judgment on the grounds that Leiser did not exhaust the available administrative remedies before he sued them. (ECF No. 14.)

1. **Leiser's Motion for Reconsideration**

Leiser alleges in his complaint that he was transferred from New Lisbon Correctional Institution to Redgranite Correctional Institution as part of a prisoner swap because he had filed lawsuits against New Lisbon staff and because he was

assisting other inmates with their lawsuits. Based on those allegations, the court allowed Leiser to proceed on a retaliation claim against Tarr and Fuchs.

Leiser also alleges that, when he got to Redgranite, prison staff refused to let him keep legal documents for the cases he was assisting other inmates with. The court found that Leiser failed to state an access-to-the-courts claim with regard to the Redgranite staff because he did not allege that he or the inmates he was assisting suffered a detriment as a result of the staff's alleged misconduct.

In his motion for reconsideration, Leiser disagrees that he failed to state an access-to-the-courts claim. He argues that, as a jailhouse lawyer, he may state an access-to-the-courts claim based on staff interfering with the access of the inmates he is assisting. However, that does not relieve Leiser of the requirement that he allege that an injury resulted from the interference. Leiser does not dispute that that he failed to allege that he or other inmates suffered an injury as a result of him not having their legal papers. The absence of such an allegation is fatal to his claim.

Leiser also argues that he states a claim based on Redgranite staff's violation of state law. Leiser alleges that Redgranite staff improperly relied on a Department of Adult Institution's policy to justify taking other inmates' legal materials from him. He asserts that the policy they relied on does not, in fact, support their decision. However, an official's violation of a state law is not itself a violation of the Constitution and is not actionable under § 1983 unless it violates an independent constitutional right. *Kasper v. Board of Election Com'rs of the City of Chicago*, 814 F.2d 332, 342 (7th Cir. 1987) ("A violation of state law does not state a claim under §

2

1983; we have rejected such contentions repeatedly."). Thus, Leiser states a claim only if the staff's decision to take the legal documents violated the Constitution, without regard to whether the taking also violated the state law. The most common claim associated with a deprivation of property is a due-process claim. Leiser does not assert that he states such a claim. It is clear from the allegations in his complaint that he received all the process he was due before he was deprived of his property.

Leiser's principle contention is that he did not seek to state only an access-to-the-courts claim; he also sought to state a retaliation claim. The court agrees that Leiser's allegations that Redgranite staff denied him access to his legal materials because they did not like him assisting other inmates with their lawsuits states a retaliation claim. *See Bridges v. Glibert*, 557 F.3d 541, 551 (7th Cir. 2009). But the court will not allow Leiser to proceed with that claim in this case.

Joinder of multiple defendants in one case is proper only if "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2)(B). Leiser argues that suing New Lisbon staff and Redgranite staff in the same case is permissible because he is asserting the same legal claim against them— that they retaliated against him in violation of the First Amendment.

Although Leiser asserts a common legal theory, there is little overlap in the facts giving rise to his claims against the two sets of defendants. The evidence that will be required for Leiser to prove that Tarr and Fuchs orchestrated a prisoner swap because they were tired of him filing lawsuits against New Lisbon staff will differ from the evidence required to prove that Redgranite staff withheld his legal materials

3

because they did not want him to continue helping other inmates with their lawsuits. (*See* ECF No. 8 at 7-8.)

Leiser tries to connect the two claims by alleging a conspiracy, but as the court explained in the screening order, Leiser fails to set forth factual allegations from which the court can reasonably infer that New Lisbon staff conspired with Redgranite staff. To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). A complaint that offers mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." *Ashcroft*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Leiser speculates that New Lisbon staff conspired with Redgranite staff, but his speculation is not sufficient to state a claim.

Accordingly, allowing these claims to advance in the same case would run afoul of Rule 20. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (unrelated claims against different defendants belong in different suits so as to prevent prisoners from dodging the fee payment or three strikes provisions in the Prison Litigation Reform Act.) This is not to say that Leiser cannot sue Redgranite staff; only that he cannot sue them in this case. The court will deny his motion for reconsideration.

**2. The Defendants' Motion for Summary Judgment on Exhaustion**

On July 16, 2019, Tarr and Fuchs filed a motion for summary judgment. (ECF No. 14.) Under Civil L.R. 56(b)(2), Leiser's response materials were due on August 16, 2019. According to the court's records, Leiser has not responded to the motion.

Leiser's failure to respond to the summary judgment materials suggests that he does not oppose the motion. The court will give Leiser a final opportunity to respond to the motion. If he does not do so by the deadline set forth below, the court will grant the motion and dismiss the case without prejudice and without further notice to Leiser. *See* Civil L.R. 7(d) ("Failure to file a memorandum in opposition to a motion is sufficient cause for the Court to grant the motion.")

As a reminder, if Leiser responds to the motion, he must address each of the defendants' proposed facts (by agreeing with the proposed fact or explaining why he disagrees with the proposed fact; if Leiser does not indicate one way or the other, the court will assume that he agrees with the proposed fact), and he must respond to the legal arguments in the defendants' brief. Leiser must support his proposed facts or his disagreement with the defendants' proposed facts with evidence. He can do that by relying on documents or by telling the court his version of what happened in an affidavit or an unsworn declaration under 28 U.S.C. §1746.[1] An unsworn declaration

---

[1] At the bottom of his declaration he should state: "I declare under penalty of perjury that the foregoing is true and correct. Executed on [date]. [Signature]." 28 U.S.C. §1746(2).

is a way for a party to tell its side of the story while declaring to the court that everything in the declaration is true and correct.

**IT IS THEREFORE ORDERED** that Leiser's motion for reconsideration (ECF No. 18) is **DENIED**.

**IT IS FURTHER ORDERED** that Leiser shall either respond to the defendants' motion for summary judgment or file a letter explaining why he is unable to do so by **September 20, 2019**. If the court does not hear from Leiser by that date, the court will grant the defendants' motion and dismiss this case without prejudice.

Dated in Milwaukee, Wisconsin this 3rd day of September, 2019.

WILLIAM E. DUFFIN
U.S. Magistrate Judge